UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERICK BLACKWOOD-HEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00252 |
| | § | |
| COMCAST CORPORATION (NBC | § | |
| UNIVERSAL), *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Erick Blackwood-Head, proceeding *pro se* and *in forma pauperis*, commenced this action on September 26, 2025 with the filing of a complaint. (D.E. 1). The case was referred to the undersigned to handle all pretrial matters and to make recommendations to the District Judge pursuant to 28 U.S.C. § 636. (D.E. 6). At the Court's direction, on December 15, 2025 Plaintiff filed an amended complaint. (D.E. 12). Presently before the Court is a *sua sponte* review of Plaintiff's amended complaint. For the reasons stated below, it is recommended that Plaintiff's complaint be dismissed without prejudice[1].

---

[1] Courts have dismissed complaints with prejudice—rather than without prejudice—when the plaintiff asserts delusion claims of conspiracy. *Smith v. Osborne*, No. 4:18-cv-906-ALM-CAN, 2019 WL 4383337, at *3 (E.D. Tex. Sept. 12, 2019) n.9 (collecting cases). However, the Fifth Circuit has recently made clear, albeit not in the context of the assertion of delusional or fanciful claims, that a dismissal for lack of subject matter jurisdiction must be made without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020); see also *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021) (explaining dismissal for lack of subject matter jurisdiction is without prejudice); *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction ... must

1 / 11

I.      BACKGROUND

Plaintiff's amended complaint is 185 pages in length, including attached exhibits and brief in support. (D.E. 12). Plaintiff's amended complaint includes six named defendants who are alleged to be "six media conglomerates." (*Id*. at 1). Plaintiff alleges in his amended complaint that the defendants (Comcast Corporation, The Walt Disney Company, News Corporation, Paramount Global, Warner Bros. Discovery, Inc, and Amazon.com, Inc.) control "approximately 90% of U.S. media content distribution" and have "partnerships with federal law enforcement and intelligence agencies to systematically suppress independent journalism and creative content that questions official narratives." *Id*. Plaintiff alleges that defendants conspired to suppress his creative works from "distribution platforms controlled by Defendants during the same period that government agencies subjected him to malicious prosecutions, professional license revocation, and content suppression." (*Id*. at 2). Plaintiff states that he was a licensed nurse in New York State from 2016-2024 and in Texas from 2024-2025. (*Id*. at 3). Plaintiff states that his nursing license was revoked "based on pretextual mental health concerns." *Id*. Plaintiff states that he is a journalist regarding social justice issues, a published poet, a musician, and an activist/community organizer. (*Id*. at 3-4). Plaintiff contends that he "became a 'quasi-public figure' through these activities and his ex-wife's substantial media presence on Vine (2013-2015, over 100,000 followers)." *Id*.

be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."). Thus, out of an abundance of caution, this case should be dismissed without prejudice.

Plaintiff claims civil rights violations under 42 U.S.C. §§1983, 1985 regarding "mail obstruction" and/or access to the courts alleging that the U.S. District Court for the Western District of New York never received a civil rights complaint he sent to be filed within the statute of limitations.  (*Id*. at 5).  Plaintiff states that this mail obstruction "demonstrates coordination between government and third parties to prevent Plaintiff from accessing courts, establishing a pattern of obstruction spanning multiple jurisdictions and methods."  *Id*.  Plaintiff also claims that he was "subjected to excessive force and unconstitutional strip searches while detained" in New York from 2015-2017. *Id*. Plaintiff asserts Sherman Act violations because Defendants have monopolized the media market, and, in conjunction with government entities, have caused Plaintiff to suffer injuries.  (*Id*. at 8-13).  Plaintiff claims that Defendants collaborated to suppress his content/activities and/or violated his constitutional rights.  Plaintiff states that he possesses evidence to demonstrate his claims including documents showing the following:  (1) Occupy Wall Street leadership suppression by the Federal Bureau of Investigations to include redacted directives to assassinate leadership (*Id*. at 4); (2) a 2011 assassination attempt in Houston, Texas; (3) Tar Sands Blockage surveillance by the Federal Bureau of Investigations where an F.B.I. agent associated with the media and healthcare industries targeted Plaintiff's activist activities in New York by transferring to the New York office the same year that Plaintiff moved to New York; (4) Malicious prosecutions of Plaintiff, to include "unfounded criminal charges" in New York from 2021-2023 and in Texas in 2024, that have been exploited by Defendants;  (5)

Professional retaliation by the Texas Board of Nursing in the revocation of Plaintiff's license based on questioning of Plaintiff's mental health, which is "a tactic historically used to discredit political dissidents"; (6) Content suppression by TikTok when it removed videos "questioning official narratives surrounding public events" in 2024; and (7) Firsthand accounts of "trafficking networks and retaliatory violence from 2021-2025, systematically excluded from Defendants' coverage while similar allegations lacking equivalent documentation received extensive airtime." (*Id*. at 4-5).

Plaintiff claims injuries of lost revenue from suppressed content over ten years, professional harm, reputational damage, and constitutional deprivations. (*Id*. at 12).

## II.    LEGAL STANDARD

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). " 'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist.' " *Harris*, 1983 F.3d at 156 (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory

upon which a complaint relies is 'indisputably meritless.' " *Id*. (quoting *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28)).

In evaluating whether a complaint states a claim under sections 1915(e)(2)(B) and 1915A(b)(1), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). See *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); see also FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); see FED. R. CIV. P. 12(b)(6).

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986). District courts possess broad discretion when determining whether an IFP proceeding is frivolous. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990); *Knight v. Peralez*, No. SA-20-CV-00901-XR, 2020 WL 4755361, at *1 (W.D. Tex. Aug. 14, 2020).

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Indeed, federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). As the federal rules prescribe, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Broadly, a federal court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A federal court also has subject matter jurisdiction over those cases between citizens of different states and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

The Supreme Court has stated that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes ... is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantially and frivolous" under *Bell v. Hood* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is " 'patently insubstantial,' presenting no federal question suitable for decision." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)), aff'd, No. 16-5271, 2017 WL 2332615 (D.C. Cir. Feb. 6, 2017). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful factual allegations." *Id.*; see also *Juste v.*

6 / 11

*Resident Agency Martinsburg*, 153 F. Supp. 3d 242, 244 (D.D.C. 2016) (explaining dismissal for lack of subject matter jurisdiction is appropriate when the plaintiff pleads "events and circumstances of a wholly fanciful kind"). Stated differently, dismissal for lack of subject matter jurisdiction is appropriate when a complaint is " 'obviously frivolous' factually." *Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (quoting *Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (per curiam)).

### III.   PLAINTIFF'S COMPLAINT SHOULD BE SCREENED

It is clear from the face of the amended complaint that there is no plausible foundation in Plaintiff's claims. The plausibility standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff summarily and broadly claims that the six media company Defendants have conspired without explanation to suppress Plaintiff's online presence and, along with various government entities, obstruct the mail in violation of his constitutional rights. These allegations, taken as a whole, fall under "truly fanciful factual allegations" warranting dismissal.  These types of allegations are "clearly out of the realm of reality." *Smith v. Osborne*, No. 4:18-CV-906-ALM-CAN, 2019 WL 4383337, at *3 (E.D. Tex. Aug. 18, 2019) (recommending dismissal for lack of subject matter jurisdiction when the plaintiff alleged the government "developed technology to direct radiation" at his house to "cook" him and his family and used "satellite technology to track their every movement"), report and recommendation adopted, No. 4:18-CV-906, 2019 WL 4345735

7 / 11

(E.D. Tex. Sept. 12, 2019). Accordingly, Plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction.  See *Lavender v. Parkland Hosp.*, No. 3:19-CV-2549-L-BN, 2020 WL 7029913, at *4 (N.D. Tex. Oct. 14, 2020) (recommending the pro se plaintiff's "fantastic, delusional, irrational, or wholly incredible" complaint be dismissed for lack of subject matter jurisdiction or, alternatively, as frivolous), report and recommendation adopted, No. 3:19-CV-2549-L-BN, 2020 WL 7027468 (N.D. Tex. Nov. 30, 2020); *Attia v. Jackson*, No. 1:20CV211-LG-RPM, 2020 WL 7701018, at *3 (S.D. Miss. Nov. 30, 2020) (recommending the *pro se* plaintiff's complaint, which contains "delusional claims," be dismissed for lack of subject matter jurisdiction or, in the alternative, as frivolous), report and recommendation adopted, No. 1:20CV211-LG-RPM, 2020 WL 7388430 (S.D. Miss. Dec. 16, 2020); *Isom v. United States Dep't of Homeland Sec.*, No. 420CV00948SDJCAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021), report and recommendation adopted sub nom. *TYESHA N. ISOM v. DEPARTMENT OF HOMELAND SECURITY, ET AL.*, No. 4:20-CV-948-SDJ, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

As noted above, an IFP complaint may be dismissed if it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156. A complaint that asserts "fantastic or delusional scenarios" is factually frivolous and subject to dismissal. *Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156.  The allegations in Plaintiff's amended complaint fall into the "fantastic or delusional" category. (D.E. 12); see *Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156.

As the Supreme Court has noted, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."[2] *Neitzke*, 490 U.S. at 325. "To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' " *Id*. "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id*. (citation omitted).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*; Feurtado v. McNair, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006)(noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations). Section 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. This

[2] The Court notes that Plaintiff has filed several recent lawsuits IFP to include: (1) USDC SDTX, 2:25-cv-121, *Blackwood-Head v. United States* (sued the United States of America for various alleged constitutional violations relating to his claims he has been subjected to "illegal neural monitoring and broadcasting.");
(2) USDC SDTX, 4: 25-cv-703, *Blackwood-Head v. Harris County Sheriff's Office, et al*. (sued numerous Harris County officials and entities for alleged unconstitutional conduct arising out of his July 2024 arrest for aggravated assault with a deadly weapon.); (3) *USDC District of Columbia, Blackwood-Head v. Democratic National Committee, et al.* (sued the Democratic and the Republican National Committees alleging manipulation of election outcomes, conspiracy to assist Jeffrey Epstein, and influence over state bar associations.); (4) *Erick Scott Blackwood-Head v. Texas Board of Nursing*, D-1-GN-25-009663, Travis County, Texas.

9 / 11

includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." Id. at 327-28.

Plaintiff's amended complaint contains allegations of the delusional variety. The federal claims rely entirely on his contention that all six Defendants are part of a wide-ranging conspiracy to suppress "independent media voices through coordinated action with government agencies…harming Plaintiff's constitutional rights" (D.E. 1 at 1). Parsing the amended complaint reveals zero factual allegations that support this alleged conspiracy, which demonstrates the claims' delusional nature. Plaintiffs' amended complaint and attached exhibits and supplement present an unintelligible conspiracy, fantastic, and/or delusional allegations, and as such, this action should be dismissed without prejudice as frivolous.

## IV.   RECOMMENDATION

The undersigned respectfully recommends that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Respectfully recommended on March 25, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).