United States District Court
Southern District of Texas
**ENTERED**
June 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERICK BLACKWOOD-HEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00252 |
| | § | |
| COMCAST CORPORATION (NBC | § | |
| UNIVERSAL), *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Erick Blackwood-Head, proceeding pro se, brings this suit alleging that six media companies—Comcast, Disney, News Corp, Paramount, Warner Brothers, and Amazon—have conspired to routinely surveil him, censor his online presence, and engage in monopolistic practices. On March 25, 2026, United States Magistrate Judge Julie K. Hampton issued her Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction without prejudice. D.E. 13. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff filed his objections on April 7, 2026. D.E. 18.

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed

specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

First, Plaintiff objects that the Magistrate Judge erred in her characterization of subject matter jurisdiction. D.E. 18 at pp. 2-3. He argues that "[w]here a complaint invokes cognizable federal statutory causes of action, jurisdiction exists—the merits question is whether the claim is sufficiently pleaded." *Id.* Plaintiff's objection recognizes and acknowledges that cases may be dismissed for want of jurisdiction when the federal claims are wholly insubstantial and have no plausible foundation. *Id.* at p. 3 (citing *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988)). The Court finds that the Magistrate Judge did not err in concluding that Plaintiff's claims and allegations lack a plausible foundation. Thus, dismissal for lack of subject matter jurisdiction is appropriate. *See Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008). The objection is **OVERRULED**.

In his second and sixth objections, Plaintiff argues that the Magistrate Judge erred in stating that there were "zero factual allegations" supporting Plaintiff's claims. D.E. 18 at pp. 4-5, 10-11. Throughout his objections, Plaintiff reiterates many of the allegations in his amended complaint. He summarizes his claims, the allegations he asserts support those claims, and his alleged injuries. *Id.* He also makes new allegations. And he claims that a related case he filed survived the screening stage, which he contends shows that his claims here are factually supported and plausible. *Id.* at pp. 6-7.

However, as the Magistrate Judge concluded, there are no specific, plausible factual allegations that support the actual claims Plaintiff has brought in this lawsuit. Plaintiff's allegations are either irrelevant or insufficient to state the claims he raises. Moreover, the related case he says survived screening, Case No. 2:26-cv-00090, has not yet been screened. Accordingly, these objections are **OVERRULED**.

In his third and eighth objections, Plaintiff argues that the Magistrate Judge erroneously relied on *Smith v. Osborne*, No. 4:18-CV-906-ALM-CAN, 2019 WL 4383337 (E.D. Tex. Aug. 18, 2019), *recommendation adopted*, No. 4:18-CV-906, 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019). He contends that the plaintiff in *Smith* presented no documentary support for his claims that the defendants had engaged in a vast conspiracy to "cook" him and his family and track their movements. D.E. 18, p. 7. He cites to three government sources that he claims show that the kind of "directed-energy weapon" referenced in *Smith* exists and has been deployed. *Id.* at pp. 7-8. He argues that *Smith* has

3 / 6

been abrogated as a "factually superseded precedent" as a result of these technological developments and government documents. *Id.* at pp. 15-18.

*Smith* was one of several cases cited in the M&R to support the conclusion that Plaintiff's claims are "of the delusional variety" and should therefore be dismissed. The M&R also cites to *Lavender v. Parkland Hospital*, No. 3:19-CV-2549-L-BN, 2020 WL 7029913, at *3 (N.D. Tex. Oct. 14, 2020), *recommendation adopted*, No. 3:19-CV-2549-L-BN, 2020 WL 7027468 (N.D. Tex. Nov. 30, 2020), which explains that district courts may dismiss "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Lavender*, 2020 WL 7029913, at *3 (quoting *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383, 383-84 (5th Cir. 2019)). The principle invoked by the Magistrate Judge is sufficiently supported even without relying on *Smith*. Plaintiff's third and eighth objections are therefore **OVERRULED**.

In his fourth objection, Plaintiff argues that the Magistrate Judge failed to take judicial notice of the various government documents cited throughout his amended complaint. D.E. 18, p. 8. He asserts that this Court must take notice of the documents cited in his objections. *Id.* at pp. 8-9. Even considering the documents cited in his objections, the Court concludes, as the Magistrate Judge did, that Plaintiff's claims lack plausible foundation. The objection is **OVERRULED**.

In his fifth objection, Plaintiff argues that the Magistrate Judge's characterization of Plaintiff's litigation history improperly prejudiced the analysis. *Id.* at p. 9. The Court

concludes that the Magistrate Judge's analysis was not prejudiced against Plaintiff. Thus, the objection is **OVERRULED**.

In his seventh objection, Plaintiff argues that he should have been granted leave to amend his complaint. *Id.* at pp. 11-12. He contends that a district court is required to give a pro se plaintiff at least one opportunity to amend before dismissing the complaint with prejudice. *Id.* Plaintiff has already amended his complaint once. D.E. 1, 12. And additional leave is not warranted where Plaintiff has failed to articulate any allegations that would cure the defect in his pleading. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The Court concludes that Plaintiff has failed to articulate allegations that would cure the defect in his pleading. Therefore, leave to amend is not warranted and the objection is **OVERRULED**.

In his ninth objection, Plaintiff mentions for the first time two federal criminal prosecutions against defendants who he claims have been accused of engaging in hacking operations against climate activists in connection with ExxonMobil. D.E. 18, pp. 16-17. Plaintiff fails to explain how these prosecutions are relevant to his claims in this case. The Court concludes that these allegations do not provide the plausible foundation lacking for his claims, because they do not support the alleged conspiracy on which he bases his claims. The objection is **OVERRULED**.

In his tenth objection and in part of his first objection, Plaintiff argues that the Magistrate Judge did not specifically address his monopolization claims. *Id.* at pp. 18-20. The Magistrate Judge concluded that all of Plaintiff's claims, including his monopolization

claims, lack sufficient factual allegations. D.E. 13, p. 10. Even if Defendants comprise 90% of the media content distribution, Plaintiff has not stated specific facts supporting his allegations of a wide-ranging conspiracy. The Magistrate Judge's conclusion encompassed Plaintiff's monopolization claims. The objection is thus **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 13). Accordingly, the Court **DISMISSES** without prejudice Plaintiff's claims for lack of subject matter jurisdiction.

**ORDERED** on June 10, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE